1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   SHAWN J. NELSON (Cal. State Bar No. 185149)
4  Special Assistant United States Attorney
   Violent & Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-5339
7       Facsimile: (213) 894-3713
        E-Mail: shawn.nelson@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | CR No. 05-00986-JFW |
|                                        ) | |
|           Plaintiff,                   ) | GOVERNMENT'S POSITION ON |
|                                        ) | DEFENDANT'S MOTION FOR |
|      v.                                ) | REDUCTION OF SENTENCE PURSUANT |
|                                        ) | TO 18 U.S.C. § 3582(C) |
| DELVIN DASHAWN SMITH,                  ) | |
|                                        ) | |
|           Defendant.                   ) | |
|                                        ) | |

   Plaintiff United States of America, through its counsel of record, Special Assistant United States Attorney Shawn J. Nelson, hereby files its position on defendant Delvin Dashawn Smith's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). In his motion, defendant relies on a retroactive amendment to the United States Sentencing Guidelines that lowered the base offense levels applicable under U.S.S.G. § 2D1.1 to cocaine base ("crack") offenses.

   - This motion should be granted, and the defendant's
     sentence should be lowered to a term of imprisonment of no

1  fewer than 180 months.

2  Defendant was indicted in October 2005. The indictment
3  charged violations of 21 U.S.C. §§ 841(a)(1), (B)(1)(A)(iii),
4  Possession with Intent to Distribute 50 Grams or More of Cocaine
5  Base (count one), 18 U.S.C. § 924(c), Possession of a Firearm in
6  Furtherance of a Drug Trafficking Offense (count two), and 18
7  U.S.C. § 922(g)(1), Felon in Possession of a Firearm (count
8  three).

9  The case proceeded to trial in April, 2006. The jury
10 convicted defendant on all counts. The jury further,
11 specifically found that defendant possessed 50 grams or more of
12 cocaine base with intent to distribute. Based on the jury's
13 conviction and findings, on count one, defendant faced a
14 guidelines range of 168-210 months with a 120 month mandatory
15 minimum. On count two, defendant faced a guidelines range and
16 mandatory minimum of 60 months, which must run consecutively to
17 the sentence on count one. On count three, defendant faced a
18 statutory maximum of 120 months.

19 On July 18, 2006, this court sentenced defendant to a total
20 sentence of 204 months. This sentence consisted of 144 months on
21 count one, 120 months on count three (to be served concurrently
22 to count one), and 60 months on count two (to be served
23 consecutively to count one).

24 Defendant filed a timely notice of appeal. The Ninth
25 Circuit upheld defendant's conviction and sentence on December
26 17, 2007. The Ninth Circuit denied a petition for rehearing on

February 7, 2008.  The United States Supreme Court denied defendant's petition for a writ of certiorari on April 21, 2008.

I

BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1]

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-

On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

>   (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>   (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>     (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>     (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

---

41 (9th Cir. 1993); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

>    (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

[3] In a separate matter, the Supreme Court recently held in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

5

Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

## II

## A REDUCTION IN SENTENCE IS WARRANTED

Defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level for count one in this case is now 30, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, total offense level for count one is 30. At the established criminal history category of IV, and with the mandatory 60 month consecutive sentence applicable to count two, this would result in a sentencing range of 195-228 months.

This is a reduction from the previously applied range of 228-270 months.

The government believes that this Court should exercise its discretion to reduce defendant's sentence to the newly calculated range.

A. <u>The Process of Considering a Section 3582(c)(2) Reduction</u>

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, section 1B.10 creates discretion for a district court to reduce a sentence based on a retroactive change but does not require it to do so. See <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992) (section 1B1.10 "merely affords the sentencing court discretion" to make reduction but "does not mandate" it) (quotation omitted); <u>see also, e.g.</u>, <u>United States v. Vautier</u>, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary"); <u>United States v. Ursery</u>, 109 F.3d 1129, 1137 (6th Cir. 1997); <u>United States v. Whitebird</u>, 55 F.3d 1007, 1010 (5th Cir. 1995); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994)

<u>United States v. Coohey</u>, 11 F.3d 97, 101 (8th Cir. 1993).

Accordingly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. <u>Id.</u> comment. (n.1(B)(I)); <u>see also</u> USSG § 1B1.10 comment. (backg'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs the court to consider the new guideline range:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine

8

what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain intact." <u>Vautier</u>, 144 F.3d at 760.  Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  <u>Id.</u>[4]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure.  <u>United States v. Hasan</u>, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc).

In <u>United States v. Legree</u>, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method.  However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

B.  <u>The Permissible Extent of the Section 3582(c)(2) Reduction</u>

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." USSG § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not

reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." USSG § 1B1.10 comment. (n.3).[5]  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  USSG § 1B1.10 comment n.3.[6]

In determining whether to reduce the imposed sentence, the Court may take into account the fact that defendant previously received a non-guideline sentence pursuant to 18 U.S.C. § 3553 and <u>Booker</u>.  Specifically, defendant faced a range of 228-270 months under the guidelines, but the court, citing <u>Booker</u> and consideration of 18 U.S.C. § 3553 factors, imposed a sentence of

---

[5] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[6] Application note 4(B) states that if the prohibition in subsection (b)(2)(C) to a sentence below the time already served precludes a reduction in the term of imprisonment that the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner.  A court may not reduce a term of supervised release under a motion pursuant to Section 3582(c)(2).  The matter must await a motion under Section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C. § 3583(e)(1).

204 months.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." USSG § 1B1.10(b)(2)(B) comment. (n.3). The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 comment. (n.3). Here, the bottom of the original guideline range was 228 months, and the Court imposed a sentence of 204 months. Thus, the reduction authorized by the Sentencing

Commission is 11 % below the new guideline minimum of 195 months, which is a term of 174 months. However, because the applicable mandatory minimum is 180 months, this court should, and must, impose a sentence of no less than 180 months.

In sum, the Court may not reduce the defendant's sentence to less than 180 months, and this Court must consider the Section 3553(a) factors and the other considerations addressed above in determining whether and to what extent to reduce the sentence.

C.   <u>The Defendant Has No Right to Appear Before the Court</u>

Should the court decide that a further hearing on this matter is necessary, the defendant does not have a right to appear before the court. The proposition that defendant would have such a right is directly refuted by the relevant policy statement, Federal Rule of Criminal Procedure, and case law addressing this issue. Section 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Rule 43(b)(4) expressly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).[7] Likewise, the courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present

---

[7]   The Advisory Committee Notes concerning the 1998 amendments to Rule 43 state that a defendant's presence is not required at a Section 3582 proceeding because such a proceeding is analogous to a proceeding for correction or reduction of sentence under Rule 35, at which a defendant's presence is not required.

in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

This rule is justified by the limited scope of a Section 3582 proceeding, which is "not a second opportunity to present mitigating factors to the sentencing judge" but "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines," United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995), and which, therefore, may generally be decided without a hearing. See, e.g., Legree, 205 F.3d at 730 ("a judge need not hold a hearing when considering a Section 3582 motion"); Tidwell, 178 F.3d at 948-49; but see United States v. Byfield, 391 F.3d 277, 280-81 (D.C. Cir. 2004) (district court erred in denying § 3582 motion without a hearing where factors concerning the court's decision

were "reasonably in dispute").[8]

Moreover, as the Seventh Circuit has noted, this principle "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." Tidwell, 178 F.3d at 949. Transporting, housing, and holding hearings for the approximately 20,000 widely scattered inmates affected by Amendment 706 would not only impose tremendous costs, difficulties, and court and prison congestion unwarranted by the limited and simple nature of Section 3582(c)(2) proceedings, but would also delay the granting of relief under the amendment. For all of these reasons, the defendant has no right to appear before this Court in connection with his motion for reduction of sentence, filed pursuant to Section 3582(c).

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

---

[8] Byfield is distinguishable from this case because it involved a factual dispute concerning the applicability of a Sentencing Guidelines amendment to the defendant's conduct at issue. 391 F.3d at 279-81. In this case, by contrast, there is no such factual dispute, and the defendant's motion therefore may be decided without a hearing.

15

III

CONCLUSION

For the reasons stated above, the government respectfully requests that defendant's sentence be reduced to 180 months pursuant to 18 U.S.C. § 3582(c).

Dated: March 11, 2009,   Respectfully Submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


          /S/
SHAWN J. NELSON
Special Assistant United States Attorney

Attorneys For Plaintiff
United States of America

16